**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5490

WILLIAM ZURKAN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Cumberland.
Alexander Williams, Jr., District Judge.
(CR-94-0433-AW)

Submitted: March 12, 1996

Decided: March 26, 1996

Before MURNAGHAN, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert C. Bonsib, MARCUS & BONSIB, Greenbelt, Maryland, for
Appellant. Lynne A. Battaglia, United States Attorney, Hollis
Raphael Weisman, Assistant United States Attorney, Hyattsville,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The Appellant, William Zurkan, appeals his conviction for possession of marijuana.[1] Zurkan alleges that the district court committed reversible error by failing to suppress evidence obtained through a warrantless search. After a complete review of the district court's decision to deny Zurkan's motion to suppress,[2] we find no reversible error and affirm Zurkan's conviction and sentence.

While on bicycle patrol in Greenbelt Park, United States Park Police Officer James Pankas detected the odor of marijuana as he approached the campsite rented by Zurkan. The campsite consisted of a tent erected at the rear of the site, a van parked at the front, and five people sitting at the picnic table in the middle of the campsite. As Pankas entered the campsite to investigate, he observed a hand-rolled cigarette between Zurkan's feet. Pankas picked up the cigarette and smelled the odor of marijuana. Pankas asked Zurkan to step away from the picnic table and to place his hands on the van and spread his legs. In Zurkan's right front pocket, Pankas found $484 in U.S. bills folded in half, and in the left front pocket, he discovered a plastic bag containing seven grams of marijuana.

Suddenly, Zurkan grabbed the plastic bag and fled the scene after throwing the marijuana through an open window of the van. Pankas was unable to catch Zurkan so he returned to the campsite to recover the plastic bag of marijuana from the van and search the other persons at the campsite. As Pankas retrieved the marijuana from the van, he saw a large grocery bag full of marijuana which he also seized. Additionally, Pankas recovered from the van a backpack containing LSD and other drugs. A few days later, Zurkan surrendered to police and

_____

[1] 21 U.S.C. § 844 (1988).
[2] **United States v. Han**, 74 F.3d. 537, 540 (4th Cir. 1996).

2

was indicted for possession with intent to distribute LSD[3] and possession of marijuana.[4] Zurkan moved to suppress the drugs found on his person and in the van, but the court denied the motion. A jury found Zurkan guilty of marijuana possession and he was sentenced to three months incarceration, one year supervised release, and a $1000 fine.

Zurkan's claim that the drugs should have been suppressed is without merit. Officer Pankas's entry onto Zurkan's campsite was valid because Zurkan had no legitimate privacy expectations in the campsite. Zurkan has the burden of showing that: (1) he manifested a subjective expectation of privacy in the area searched; and (2) his expectation of privacy is objectively reasonable. [5] Zurkan fails to satisfy his burden.

It is well settled that an individual may not legitimately demand privacy for activities conducted outdoors, except in the area immediately surrounding his home.[6] While there was a tent erected at the campsite, Zurkan testified that the tent was not his, nor did he spend the night at the campsite. In this case, Zurkan cannot assert that the tent or the campsite should be treated as his home. The campsite clearly falls within the definition of "open fields" which was set forth in Oliver; the "open fields" doctrine does not require the area to be wide open or a field but includes wooded areas as well.[7] The "open fields" doctrine permits police officers to enter and search a field, or in this case a campsite, without first obtaining a search warrant.[8]

Having determined that Officer Pankas legitimately entered the campsite, we hold that the search and seizure of drugs was also valid. A search may be incident to a subsequent arrest if the officer has probable cause to arrest before the search.[9] Examined in the light most

_____

[3] 21 U.S.C. § 841(a)(1) (1988).
[4] 21 U.S.C. § 844 (1988).
[5] **See California v. Ciraolo**, 476 U.S. 207, 211 (1986).
[6] **Oliver v. United States**, 466 U.S. 170, 179 (1984).
[7] **United States v. Rigsby**, 943 F.2d 631, 636 (6th Cir. 1991), cert. denied, 503 U.S. 908 (1992).
[8] **United States v. Rigsby**, 943 F.2d at 636-37.
[9] **Rawlings v. Kentucky**, 448 U.S. 98, 100 (1980).

favorable to the government, the facts of this case show that Pankas had sufficient probable cause to arrest Zurkan for possession of marijuana.**10** The odor of marijuana permeated the area of the campsite. Pankas observed an apparent marijuana cigarette on the grass between Zurkan's feet. Upon closer inspection, Pankas confirmed that the cigarette was hand-rolled and that it had the distinct odor of marijuana. Under the circumstances, it was reasonable based on Pankas's observations and experiences to conclude that Zurkan had been in possession of the marijuana cigarette. Consequently, Pankas's search of Zurkan's person was a search incident to a lawful arrest. The fact that Pankas conducted this search before formally arresting Zurkan does change its status.**11**

Accordingly, we find that the search and seizure of the marijuana in this matter was lawful and in accordance with the Constitution. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**10 See United States v. Han**, 74 F.3d. at 541.
**11 Id.**

4